JOURNAL ENTRY AND OPINION
{¶ 1} Anthony Weaver appeals from an order denying his application for termination of post-release control. He claims the court abused its discretion in upholding this portion of his sentence. We affirm.
 {¶ 2} In October 2001, Weaver was indicted on one count of possession of drugs in case number CR413906, in violation of R.C. 2925.11, and one count of preparation of drugs for sale, in violation of R.C. 2925.03. He pled guilty to the first count of possession, with the second count dismissed, and was sentenced to three years of community control.
 {¶ 3} In August 2002, Weaver was again indicted in case number CR427554 and, following a jury trial, was found guilty of one count of possession of crack cocaine, in violation of R.C. 2925.11; two counts of drug trafficking, in violation of R.C. 2925.03, with one count including a juvenile specification; and possession of criminal tools, in violation of R.C. 2923.24. He was sentenced to an aggregate of seventeen months in prison for CR427554, with the sentence to run consecutive to an additional seventeen-month sentence in CR413906 when it was determined that he violated his original three-year community control sentence, for a total sentence of thirty-four months. The court also imposed post-release control.
 {¶ 4} In June 2004, Weaver filed a motion for termination of post-release control, which the court subsequently denied. Weaver appeals from this order in two assignments of error and claims:
I. The court erroneously denied motion to terminate post releasecontrol.
 II. Trial court abused its discretion in failure to comply with rulesof construction: criminal statutes are to be contrued [sic] strickly[sic] in favor of the accussed, [sic] R.C. 2904.01 and protectconstitutional right to due process and equal protection of law.
 {¶ 5} As both assignments of error relate to post-release control, we address them together for purposes of appeal.
 {¶ 6} Weaver claims that since he completed his maximum sentence, to now enforce post-release control would give him an additional sentence, violating both due process and equal protection. We disagree.
 {¶ 7} In Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, the Ohio Supreme Court detailed the constitutional significance of a trial court including post-release control in its sentence. The Court held that because the separation of powers doctrine precludes the executive branch of government from impeding the judiciary's ability to impose a sentence, the problem of having the Adult Parole Authority impose post-release control at its discretion is remedied by a trial court incorporating post-release control into its original sentence. Therefore, unless a trial court includes post-release control in its sentence, the Adult Parole Authority is without authority to impose it.
 {¶ 8} In the instant case, Weaver does not contend that the court failed to advise him of the imposition of post-release control, and there is no indication in the record that he was not properly notified of this provision of his sentence. Instead, the corresponding journal entry properly reflects the imposition of post-release control.
 {¶ 9} In light of the court's compliance with the notification statute and the Ohio Supreme Court's holding that the statute does not violate the separation of powers doctrine or the due process clauses of the constitution, we find that Weaver's assignments of error lack merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., And Corrigan, J., concur